The Chief Justice now delivered the opinion of the court, as follows :
This writ of error is prosecuted by the plaintiffs, for the reversal of a decree of the late court of quarter sessions for Bourbon county, obtained; by the defendants, *366 against them, as heirs and devisees of John Kennedy", deceased. The defendants in this court, pleaded the act of limitations, in bar of the writ of error ; to which the plaintiffs replied, that two of them were infants when the decree was pronounced; and tlr,at five years had not elapsed, from the time of their coming of full age, until after the suing out of the writ of error ; upon which an issue was joined, which being tried by a jury at the bar of this court, was found for the plaintiffs.
If one of the perfons againft whom a decree is given, be an infant, his infancy will pre-Irene the tlatute of limitations {rom barring thofe who muft neceifarily join with fuch infant in a writ of error to reverie inch decree.
The original suit was brought on a bond given by John Kennedy, deceased, in his lifetime, to the defendants, for the conveyance of six hundred acres of land. The decree expresses that the defendants in that court (who are plaintiffs here) shall convey 600 acres of land ; but from the corners and distances mehtioned in the decree, and-also from the courses and distances called for in the surveyor’s report, which is pursued by the decree, it appears, upon an accurate calculation, that the court has erroneously, and through mistake, decreed the defendants in the court below, to convey upwards of 650 acres.
This mistake being apparent on the face of the decree itself, the decree is erroneous, and must be reversed.
The question is, whether it must be reversed in toto, or only so far as regards the interest of the two plaintiffs, who did not come of age until within five years next preceding the prosecution of the writ of error ?
The counsel for the defendants, contended that it ought only to be reversed in part; because, as he contends, the other plaintiffs, at all events, are barred by the act of limitations. W,e are of opinion they are not barred.
. Those of full age could not prosecute a writ of error in their own names, without joining the infants with them : and they had no means of compelling the infants to join. If the infants, or their guardians, refused to join in the writ of error, the adults could not have judgment of severance against them ; because of their infancy. And without judgment of severance, the adults could not maintain a writ of error in their own names alone.
The plaintiffs held an estate as co-heirs and devisees, cast upon them by act of law, or the devise of their ancestor : a joint decree was ,passed against them, divest *367 ing them of that estate. They were, therefore, bound by the rules of law to prosecute a joint writ of error for the reversal of that decree. Therefore, as the adults could not maintain a several writ of error, and had'no means of compelling the infants to join with them, the saving in the act for the benefit of the infants, must by law accrue to the benefit of the adults, the co-heirs. Otherwise, the latv would work iniquity, by barring the adults of their right, without their default.
It may be observed, that some other of the plaintiffs were, at the time the decree was pronounced, and yet are, femes covert, as appears from the record. Their rights are not barred by the statute.
It seems to us that the provision in the act, that, “ Where a person thinking himself aggrieved by any decree or judgment, which may be reversed in the court of appeals, shall be an infant, feme covert, non compos mentis, or imprisoned, when the same was passed, th® time of such disability shall be excluded from the computation of the said five years” (a), embrac»s all those, who, from the rules ol law, must, of necessity, join in the same writ of error ; as they make but one party, in consideration of law.
But even if those adults, not femes covert, were barred, it would be very difficult to support the decree in part, and reverse it in part. The decree is for an entire, undivided thing ; and we cannot discover how this court could practically make a severance. Its being a chancery cause, does not lessen the difficulty, nor alter the case. It is one of the cases where chancery must follow the law.
Decree wholly reversed ; cause remanded, for surveyor’s report to be set aside, &c. and a decree made pursuant to equity, &c.

(a) See 0f 1796-7, p. 70 § 13» * Brad. *84,.